IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

BRITTANY GOYETTE,

                            Plaintiff,

vs.                                               Civil Action No.
                                                               1:07-CV-0886 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

---

**APPEARANCES:**                               **OF COUNSEL:**

**FOR PLAINTIFF**

ERWIN, MCCANE LAW FIRM             THOMAS C. ERWIN, ESQ.
23 Elk Street
Albany, NY 12207

**FOR DEFENDANT**

OFFICE OF GENERAL COUNSEL        VERNON NORWOOD, ESQ.
Social Security Administration
26 Federal Plaza - Room 3904
New York, NY 10278

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner,

pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 20, 2008 during a telephone conference which was both digitally recorded, and at which a court reporter was also present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: May 28, 2008
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BRITTANY GOYETTE,

                          Plaintiff,

vs.                                              07-cv-886

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
-----------------------------------------------------------

MINUTES OF HEARING BY TELEPHONE
held on May 20, 2008,
at the United States District Courthouse,
100 South Clinton Street, Syracuse, New York,
the HONORABLE DAVID E. PEEBLES, Presiding.

A P P E A R A N C E S

FOR THE PLAINTIFF
ERWIN, McCANE LAW FIRM
Attorneys at Law
23 Elk Street
Albany, New York 12207
BY:  KEVIN McCANE, ESQ.

FOR THE DEFENDANT
SOCIAL SECURITY ADMINISTRATION
Office of Regional General Counsel
Region II
26 Federal Plaza
New York, New York 10278
BY:  VERNON NORWOOD, ESQ.


*Eileen McDonough, RPR, CRR*
*Official U.S. Court Reporter*
*100 S. Clinton Street*
*Syracuse, NY 13261*
*(315)234-8546*

1            THE COURT: All right. Well, I've reviewed
2   carefully the record and considered the arguments raised by
3   the plaintiff. I have to say that I found the Administrative
4   Law Judge's decision refreshingly well-formulated and I
5   thought it was extremely defensible. In fact, I thought it
6   was dead-on in terms of digesting the relevant information in
7   the record and setting out findings regarding the extent, if
8   any, of plaintiff's limitations in the specified areas, both
9   under the "B" criteria of the two Listings involved and the
10  six domains of the functional equivalent test.
11           I've reviewed carefully the records, including
12  Dr. Brand and Dr. Burky's reports, reports from Dr. Herrick
13  and Dr. Blaber and Ms. Llewellyn-Southern. And it is clear
14  to me, first, that plaintiff cannot meet two of the four
15  age-appropriate criteria of the "B" Listings, in that she
16  cannot establish marked impairment in any of the specified
17  four areas, with the possible exception of age-appropriate
18  social functioning. And so I think that the ALJ's decision
19  rejecting the possibility of plaintiff meeting or medically
20  equal Listings 112.04 and 112.08 is supported by substantial
21  evidence.
22           Turning to the issue of functional equivalent,
23  the ALJ found, as you know, a marked impairment in only one
24  of the six specified areas and no extreme impairment. I
25  agree that the evidence supports a finding of impairment of

3

1  plaintiff's ability to interact with and relate with others,
2  but I do not agree that it is extreme.  The definition of
3  extreme is that the limitation interferes very seriously with
4  the claimant's ability to independently initiate, sustain or
5  complete activities.  I don't think that that burden has been
6  met.  And, in any event, I believe that a finding that the
7  limitation in this domain area is only marked is supported by
8  substantial evidence.
9         I similarly find that the ALJ's determination
10 that the plaintiff does not suffer from marked limitation in
11 any of the other five areas is supported by substantial
12 evidence.  I think that to the extent, if any, that
13 plaintiff's mother's testimony was rejected as not credible,
14 I think it was well explained and don't think that it would
15 alter the result, in any event.
16        So, based on my review, I find that the proper
17 legal principles were applied and that the Commissioner's
18 determination is supported by substantial evidence and will,
19 therefore, grant defendant's motion for judgment on the
20 pleadings dismissing plaintiff's complaint.  And we'll issue
21 a short form order memorializing that determination and
22 incorporating the bench decision in reference for purposes of
23 any further appeal.
24        I appreciate you both participating and I
25 thought the issues were extremely well briefed on both sides

```
                                                              4
 1   and well argued.
 2              MR. NORWOOD:    Thank you, Judge.
 3              MR. McCANE:     Thank you for your time.
 4              THE COURT:    Have a good afternoon, Counsel.
 5                   *              *              *
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

I, EILEEN McDONOUGH, Registered Professional Reporter and Certified Realtime Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____
EILEEN McDONOUGH, RPR, CRR